# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, DC 20001.2113

TELEPHONE: +1.202.879.3939 • JONESDAY.COM

Direct Number: 2028793687
vdorfman@jonesday.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/1/2023
```

September 1, 2023

VIA ECF

Honorable Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Plaintiff is directed to respond to Defendants' application seeking leave of Court to file a motion to stay discovery pending the resolution of their motion for judgment on the pleadings by September 7, 2023. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 43.

Dated: September 1, 2023
White Plains, NY

SO ORDERED:
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

Re:   *Spira v. TransUnion, LLC, et al.*
      Case No. 7:23-cv-04319-NSR (S.D.N.Y.)
      <u>CRA Defendants' Request for Discovery Stay</u>

Dear Judge Román:

      The CRA Defendants (Experian, Equifax and Trans Union) request a pre-motion conference in connection with their proposed motion to stay discovery under Federal Rule of Civil Procedure 26(c) pending adjudication of their motion for judgment on the pleadings. (ECF No. 40). Alternatively, the CRA Defendants request that the Court grant a discovery stay without a pre-motion conference. Today, counsel for Experian, on behalf of all CRA Defendants, conferred with Plaintiff's counsel via email regarding this motion, requesting that Plaintiff consent to a discovery stay and describing why a stay is warranted. Plaintiff opposes a stay.

      **I. Factual and Procedural Background.** Plaintiff alleges that Defendant Loancare, LLC ("Loancare"), his mortgage servicer, "did not take [his] payments" for two months of 2022. Compl. ¶ 28. At the time, "Plaintiff had his account set for autopayment and never instructed Loancare . . . to stop auto payments," while he applied for respite from those payments through a New York State COVID-related program. *Id.* ¶¶ 28-35. That allegedly caused Plaintiff to be 60 days late in making mortgage payments. Plaintiff claims that the CRA Defendants' reporting violated Sections 1681e(b) and 1681i of the Fair Credit Reporting Act ("FCRA"). *Id.* ¶¶ 70-83.

      On August 29, 2023, the CRA Defendants filed a joint letter motion requesting that the Court set a pre-motion conference on their anticipated Rule 12(c) motion and explaining why it would be meritorious. *See* ECF No. 40. Plaintiff filed his response today, which fails to engage with many of the CRA Defendants' points. *See* ECF No. 42. Plaintiff served discovery on all defendants on August 30, 2023, even though the Court has not approved the parties' Proposed Scheduling Order. *See* ECF No. 38.

      **II. A Discovery Stay is Warranted.** Rule 26(c) authorizes district courts, "for good cause," to "issue an order to protect a party . . . from annoyance, embarrassment, oppression, or

JONES DAY

Hon. Nelson S. Román
September 1, 2023
Page 2

undue burden or expense[.]" This Court "has considerable discretion to stay discovery pursuant to Rule 26(c)[.]" *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc*., 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). In deciding whether to stay discovery pending a motion for judgment on the pleadings, "[c]ourts consider: (1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Camara v. Alltran Fin. LP*, 2021 WL 8531660, at *1 (S.D.N.Y. Sept. 22, 2021) (cleaned up). "The 'strength of the motion' is satisfied by a showing that there are 'substantial grounds' for dismissal or, put otherwise, a 'strong showing that the party moving for the stay is likely to succeed on the merits.'" *Id.* (cleaned up). In other words, if a strong dispositive motion "may significantly narrow, if not eliminate, the issues remaining in the case," then proceeding with discovery while the motion pends "would waste the parties' resources and would constitute an undue burden on defendants." *Rivera v. Heyman*, 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). Thus, good cause may be shown where "a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss." *Anti-Monopoly, Inc. v. Hasbro, Inc*., 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996).

    **A. Discovery Would Be Broad.** This factor favors a stay because discovery will be lengthy and require substantial expenditure of resources. If a stay is not granted, discovery will involve document productions, responses to interrogatories and requests for admission, several depositions, expert discovery, and potentially third-party discovery related to Plaintiff's damages claims. *See* ECF No. 38. Indeed, Plaintiff noticed depositions with respect to all defendants when serving his other discovery requests. Plaintiff's discovery demands on the CRAs each include 19 interrogatories, 17 requests for admission, and 21 requests for documents (22 for Experian). Plaintiff's noticed Rule 30(b)(6) depositions each include 20 topics. All parties agreed that discovery may continue until August 2, 2024. *See* ECF No. 38.

    Where the "breadth of discovery has the potential to be wide-ranging," courts have granted a stay pending resolution of a dispositive motion. *Separ v. Cnty. of Nassau*, 2021 WL 2474263, at *4 (E.D.N.Y. June 17, 2021). If discovery were to continue, the burden on the Court and the CRA Defendants would surpass what little burden Plaintiff has expended thus far. Plaintiff only recently served his first discovery requests, and the Court has not entered a discovery schedule. But the CRA Defendants would expend significant time and resources reviewing, analyzing, and preparing documents to respond to Plaintiff's requests, including seeking a protective order from the Court. This expenditure of resources is unnecessary because, if granted, the CRA Defendants' motion would dispose of Plaintiff's insufficiently pled claims and entirely obviate the need for discovery. *See Josie-Delerme v. Am. Gen. Fin. Corp*., 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009) (granting motion to stay discovery in part because the "resolution of the motion to dismiss may obviate the need for potentially onerous discovery").

    **B. Plaintiff Would Suffer No Prejudice from a Discovery Stay.** This factor also weighs in favor of a stay for two reasons. First, Plaintiff only recently served written discovery requests the day after the CRA Defendants filed their motion requesting permission to file a Rule 12(c) motion, and before the Court acted on the parties' proposed Scheduling Order. *See* ECF No. 38. Minimal discovery has occurred, and Plaintiff's burden thus far is minimal. Second, if

Hon. Nelson S. Román
September 1, 2023
Page 3

the Court accepts the CRA Defendants' argument that Plaintiff's FCRA claims fail as a matter of law, there is no additional discovery that could fix Plaintiff's legally deficient Complaint. Should the Court deny the Rule 12(c) motion, the CRA Defendants will conduct full discovery in support of other, fact-intensive grounds for ultimate dismissal of the claims against them.

Accordingly, there is no prejudice to the Plaintiff from a short stay while this Court adjudicates the motion for judgment on the pleadings. Even if the Court does not grant the CRA Defendants' motion, courts do "not believe that a temporary and finite delay in attaining discovery, when there are no time-sensitive claims at issue, amounts to prejudice." *In re AOL Time Warner, Inc. Secs. & ERISA Litig.*, 2003 WL 22227945, at *2 (S.D.N.Y. Sept. 26, 2003). Plaintiff does not and cannot allege that his claims for damages under the FCRA are time sensitive. There is no prejudice to Plaintiff beyond the passage of reasonable time, which without more, "cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2019).

**C. The CRA Defendants Have Made a Strong Showing on the Merits.** As the CRA Defendants explained, there are two independent reasons why the Complaint fails to state a claim upon which relief can be granted. *See* ECF No. 40. First, the claims are foreclosed by *Mader v. Experian Info. Sols., Inc.*, 56 F.4th 264 (2d Cir. 2023), and *Sessa v. Trans Union, LLC*, 74 F.4th 38 (2d Cir. 2023). *See* ECF No. 40 at 1-3. The validity of Plaintiff's reported debt to Loancare is "'not sufficiently objectively verifiable' to be 'inaccurate' under the FCRA": Plaintiff decided to apply for the New York State Homeowners Assistance Fund, which was intended to relieve him from these very same mortgage obligations to Loancare, and then to notify Loancare that his application had been given additional review. *See id.* (quoting *Mader*, 56 F.4th at 270). Second, the CRA Defendants' reporting of a 60-day delinquency is accurate. *See id.* at 3. Plaintiff claims that it is misleading to report that he missed payments, because the missed payments were allegedly not his fault. *See id.* Courts consistently reject such arguments, holding that reporting a late payment is not misleading merely because the plaintiff blames the lateness on the furnisher. *See id.* Absent an actionable inaccuracy, the claims fail as a matter of law. *See id.* at 2.

**III. The Court Should Consider Ordering a Stay of Discovery Without A Pre-Motion Conference.** The CRA Defendants are ready to further explain the basis of their intended motion at a pre-motion conference, and are prepared to submit full briefing on the propriety of a stay. But should the Court agree with the CRA Defendants that a stay is justified based on the arguments above, the CRA Defendants respectfully request that the Court enter a discovery stay without a pre-motion conference, as it has done in other cases. *See, e.g., Felberbaum v. Sequium Asset Sols.*, No. 7:21-cv-9513 (S.D.N.Y. Feb. 12, 2022) (Román, J.), ECF No. 18 (denying motion for pre-motion conference, but granting discovery stay "until the Court's resolution of [the defendant's] motion for judgement on the pleadings"). Doing so would preserve judicial resources and obviate the need for further briefing.

JONES DAY

Hon. Nelson S. Román
September 1, 2023
Page 4

        Respectfully submitted,

*/s/ Victoria Dorfman*
Victoria Dorfman
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Tel.: (202) 879-3939
vdorfman@jonesday.com

*/s/ Julius I. Kairey*
Julius I. Kairey
Jennifer Pincus
JONES DAY
250 Vesey Street
New York, NY 10281
Tel.: (212) 326-3939
jkairey@jonesday.com
jpincus@jonesday.com

*Counsel for Defendant*
*Experian Information Solutions, Inc.*

*/s/ Camille R. Nicodemus*
Camille R. Nicodemus
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
Tel.: (317) 363-2400
cnicodemus@schuckitlaw.com

*Counsel for Defendant TransUnion, LLC*

*/s/ Boris Brownstein*
Boris Brownstein
Clark Hill PLC
210 Carnegie Center, Suite 102
Princeton, NJ 08540
Tel.: (609) 785-2923
bbrownstein@clarkhill.com

JONES DAY

Hon. Nelson S. Román
September 1, 2023
Page 5

*Counsel for Defendant Equifax Information Services, LLC*

cc:   All counsel of record (via ECF)